## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; UNIVERSAL-MILLHOUSE MUSIC, a division of MAGNA SOUND CORP.; SONGPAINTER MUSIC; DIXIE JANE MUSIC; SONGS OF UNIVERSAL, INC.; FAIZILU PUBLISHING; SUTJUJO MUSIC; TOKECO TUNES; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; ESCATAWPA SONGS, <br><br> Plaintiffs, <br><br> v. <br><br> BIG CYPRESS TAVERN SOCIAL CLUB, INC. d/b/a BIG CYPRESS TAVERN and GARY P. LOYD, individually, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § C.A. No.: |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, individually, and (collectively "Defendants") allege as follows:

### JURISDICTION AND VENUE

This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

This Court has personal jurisdiction over Defendants because Defendants are residents of and/or are incorporated in this State and are conducting business in this State, including in this

District. Defendants' acts of copyright infringement are occurring in this State, including in this District, and Defendants should anticipate being haled into court in this State.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

1.  Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those alleged herein to have been infringed.

2.  The other Plaintiffs are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

3.  The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

4.  Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

5.  Plaintiff Universal-Millhouse Music is a division of Magna Sound Corp. This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

6.  Plaintiff Songpainter Music is a sole proprietorship owned by Morris Davis also known as Mac Davis. This Plaintiff is the owner of a copyright in at least one of the songs in this

matter.

7.     Plaintiff Dixie Jane Music is a sole proprietorship owned by Jan Crutchfield.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

8.     Plaintiff Songs of Universal, Inc. is a corporation.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

9.     Plaintiff Faizilu Publishing is a sole proprietorship owned by Billie Lee Crofts.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

10.    Plaintiff Sutjujo Music is a partnership owned by Jimmy Seals and Ruby Jean Seals.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

11.    Plaintiff Tokeco Tunes is a sole proprietorship owned by Tobey Keith Covel.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

12.    Plaintiff Universal-Songs Of Polygram International, Inc. is a corporation.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

13.    Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

14.    Defendant Big Cypress Tavern Social Club, Inc. is a corporation organized and existing under the laws of the state of Texas, which operates, maintains and controls an establishment known as Big Cypress Tavern, located at 8939 FM 729, Avinger, Texas 75630, in this district (the "Establishment").  Defendant Big Cypress Tavern Social Club, Inc. may be served with process by serving its Registered Agent, Gary P. Loyd, 4601 Horton Road, Gilmer,

Texas 75644.

15. In connection with the operation of the Establishment, Defendant Big Cypress Tavern Social Club, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Upon information and belief, Defendant Big Cypress Tavern Social Club, Inc. has a direct financial interest in the Establishment.

17. Upon information and belief, Defendant Gary P. Loyd is the owner of Defendant Big Cypress Tavern Social Club, Inc. with primary responsibility for the operation and management of that corporation and the Establishment. Defendant Gary Pl. Loyd may be served with process by serving him at 4601 Horton Road, Gilmer, Texas 75644 or 8939 FM 729, Avinger, Texas 75630.

18. Upon information and belief, Defendant Gary P. Loyd has the right and ability to supervise the activities of Defendant Big Cypress Tavern Social Club, Inc. and a direct financial interest in that corporation and the Establishment.

**CLAIMS OF COPYRIGHT INFRINGEMENT**

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21. Attached to this Complaint as Exhibit A is a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

22. For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical

composition listed on Line 2.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

26. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for a judgment that:

(a) Defendants have infringed and are infringing the above-identified copyrighted musical compositions;

(b) Defendants' copyright infringement was willful;

(c) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing or causing any infringement of, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(d) Defendants be ordered to pay either actual damages, pursuant to 17 U.S.C. § 504(b) or statutory damages, pursuant to 17 U.S.C. § 504(c);

(e) Defendants be ordered to pay costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

(f) Defendants be ordered to pay pre-judgment interest to Plaintiffs on all amounts awarded and post-judgment interest until paid at the maximum lawful rate; and

(g) That Plaintiffs have such other and further relief as is just and equitable.

Dated July 6, 2012                                  Respectfully submitted,

/s/ Myall S. Hawkins
Myall S. Hawkins
Attorney-In-Charge
S.D. Adm. 7845
Texas Bar No. 09250320
Email: Myall.Hawkins@bakermckenzie.com
Tan Pham
Texas Bar No. 24046628
S.D. Adm. 578811
Email: Tan.Pham@Bakermckenzie.com
William R. Hales
Texas Bar No. 24074340
S.D. Adm. 1126284
Email: Ryan.Hales@Bakermckenzie.com
BAKER & McKENZIE LLP
Pennzoil Building-South Tower
711 Louisiana St., Suite 3400
Houston, Texas 77002
Phone: 713 427 5000
Fax: 713 427 5099

ATTORNEYS FOR PLAINTIFFS
BROADCAST MUSIC, INC., ET AL.

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Boot Scoot Boogie a/k/a Boot Scootin' Boogie |
| Line 3 | Writer(s) | Ronnie Dunn a/k/a Ronnie G. Dunn |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 3/23/92 |
| Line 6 | Registration No(s). | PA 563-279 |
| Line 7 | Date(s) of Infringement | 1/27/12 |
| Line 8 | Place of Infringement | Big Cypress Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Don't Tell My Heart a/k/a Achy Breaky Heart |
| Line 3 | Writer(s) | Don Von Tress |
| Line 4 | Publisher Plaintiff(s) | Universal - Millhouse Music, a Division of Magna Sound Corp. |
| Line 5 | Date(s) of Registration | 7/29/91 |
| Line 6 | Registration No(s). | PA 534-864 |
| Line 7 | Date(s) of Infringement | 1/27/12 |
| Line 8 | Place of Infringement | Big Cypress Tavern |

EXHIBIT A

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | It's Hard To Be Humble |
| Line 3 | Writer(s) | Mac Davis |
| Line 4 | Publisher Plaintiff(s) | Morris Davis a/k/a Mac Davis, an individual d/b/a Songpainter Music |
| Line 5 | Date(s) of Registration | 3/28/80 |
| Line 6 | Registration No(s). | PA 63-687 |
| Line 7 | Date(s) of Infringement | 1/27/12 |
| Line 8 | Place of Infringement | Big Cypress Tavern |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 4 | |
| Line 2 | Musical Composition | Name It After Me a/k/a Statue Of A Fool | |
| Line 3 | Writer(s) | Jan Crutchfield | |
| Line 4 | Publisher Plaintiff(s) | Jan Crutchfield, an individual d/b/a Dixie Jane Music | |
| Line 5 | Date(s) of Registration | 1/8/90 | 4/30/62 |
| Line 6 | Registration No(s). | RE 465-345 | Ep 162981 |
| Line 7 | Date(s) of Infringement | 1/27/12 | |
| Line 8 | Place of Infringement | Big Cypress Tavern | |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 5 | |
| Line 2 | Musical Composition | Summer Breeze | |
| Line 3 | Writer(s) | James Seals a/k/a Jimmy Seals; Darrell Crofts a/k/a Dash Crofts | |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Billie Lee Crofts, an individual d/b/a Faizilu Publishing; Jimmy Seals and Ruby Jean Seals, a partnership d/b/a Sutjujo Music | |
| Line 5 | Date(s) of Registration | 5/17/71 | 11/3/72 |
| Line 6 | Registration No(s). | Eu 273644 | Ep 305838 |
| Line 7 | Date(s) of Infringement | 1/27/12 | |
| Line 8 | Place of Infringement | Big Cypress Tavern | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Should've Been A Cowboy |
| Line 3 | Writer(s) | Toby Keith |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel d/b/a Tokeco Tunes; Universal-Songs Of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 3/15/93 |
| Line 6 | Registration No(s). | PA 606-001 |
| Line 7 | Date(s) of Infringement | 1/27/12 |
| Line 8 | Place of Infringement | Big Cypress Tavern |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 7 | |
| Line 2 | Musical Composition | When I'm Gone | |
| Line 3 | Writer(s) | Bradley Kirk Arnold; Matthew Darrick Roberts; Robert Todd Harrell; Christopher Lee Henderson | |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs | |
| Line 5 | Date(s) of Registration | 12/04/02 | 3/16/01 |
| Line 6 | Registration No(s). | PA 1-120-566 | Pau 2-577-919 |
| Line 7 | Date(s) of Infringement | 1/27/12 | |
| Line 8 | Place of Infringement | Big Cypress Tavern | |

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Broadcast Music, Inc.

## DEFENDANTS
Big Cypress Tavern Social Club, Inc. d/b/a Big Cypress Tavern and Gary P. Loyd, individually

(b) County of Residence of First Listed Plaintiff  **New York**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**17 U.S.C. §§ 101 et. seq.**

Brief description of cause:
**Copyright Infringement**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 7-6-12

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____